UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CRAIG MCCOY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 1:19-CV-114 RLM |
| | ) |
| ANDREW SAUL, COMMISSIONER | ) |
| OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant | ) |

OPINION AND ORDER

Craig McCoy seeks judicial review of the final decision of the Commissioner of Social Security's decision denying his applications for disability insurance benefits and Supplemental Security Income under the Social Security Act, 42 U.S.C. §§ 423 and 1381 *et seq.* The court has jurisdiction over this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons summarized below, the court reverses the Commissioner's decision and remands for further proceedings.

Mr. McCoy was 37 in December 2004, the alleged onset of disability. He applied for DIB and SSI based on a variety of physical and mental impairments, including back pain, seizures, and depressive disorder/bipolar disorder/mood disorder. His applications were denied initially, upon reconsideration, and after an administrative hearing in October 2017. The ALJ concluded at that hearing that Mr. McCoy had the residual functional capacity to perform light work with limitations. While he couldn't perform his past

relevant work as construction worker, cashier, window installer, or acoustic carpenter, he could perform other work that existed in significant numbers in the national economy, and so wasn't disabled within the meaning of the Act from December 2004 through April 2, 2018. More specifically, the ALJ found that:

- Mr. McCoy had severe impairments: back pain due to degenerative and discogenic changes in the lumbar spine, reported seizure activity, depressive disorder/bipolar disorder/mood disorder, generalized anxiety disorder, cognitive disorder (with history of multiple head injuries and imaging study evidence of abnormalities in his brain), arthritis in his hands, history of several fractures in his hands and fingers/left thumb, and alcohol and secondary marijuana dependence. (20 CFR § 404.1520(c) and 416.920(c)).

- His impairments, including substance use disorders, did meet listing 12.06 of 20 C.F.R. Pt. 404, Subpt. P., Appendix 1.

- If Mr. McCoy stopped the substance use, he would still have severe impairments or combination of impairments, but that he would not have an impairment or combination of impairments that meets or medically equals any impairment listed 20 C.F.R. Pt. 404, Subpt. P., Appendix 1.

- Mr. McCoy had the residual functional capacity to perform light work with the following limitations: only occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; never climbing ladders, ropes, or scaffolds; only frequent reaching, handling, and fingering bilaterally; and needs to avoid concentrated exposure to hazards (i.e. operational control of dangerous/moving machinery, unprotected heights, and slippery/uneven/moving surfaces).

- Mentally, Mr. McCoy couldn't perform tasks requiring intense/focused attention for more than 2 hours continuously but he could maintain attention/concentration for two-hour segments of time. He couldn't perform tasks with sudden or unpredictable workplace changes in terms of use of work tools, work processes, or work settings and if there were workplace changes, they must be introduced gradually. These tasks

2

couldn't require satisfaction of strict or rigid production quotas or assembly-line pace work and he could have only occasional interactions with others, including supervisors, wo-workers, and the general public.

- Mr. McCoy's impairments could reasonably be expected to produce his pain or symptoms, but his testimony "concerning the intensity, persistence and limiting effects of [his] symptoms [was] not entirely consistent with the medical evidence and other evidence in the record."

- The ALJ gave little weight to the portion of the examining physician's opinion in which he said that Mr. McCoy could only stand for two hours. The ALJ didn't assign a weight to the remainder of that opinion, or to the other medical opinions in the record.

- Based on the vocational expert's testimony, Mr. McCoy couldn't perform his past relevant work as a construction worker, cashier, window installer, or acoustic carpenter, but could perform other work that existed in significant numbers in the national economy, including sorter (DOT #209.678-026; 70,000 jobs exist in the nation); merchandise marker (DOT #209.587-034; 283,000 jobs exist in the nation), and photocopy machine operator (DOT #207.685-014; 50,000 jobs exist in the nation).

[AR 13-23].

When the Appeals Council denied Mr. McCoy's request for review, the ALJ's decision became the final decision of the Commissioner of Social Security. Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). This appeal followed.

The weight that the ALJ gave Dr. Bacchus' opinion wasn't supported by substantial evidence. The regulations require that, if an ALJ doesn't give controlling weight to a treating source's medical opinion, the ALJ must consider the following factors to determine the weight due a medical opinion:

1. Examining relationship;

2. Treatment relationship, including the length and nature;
3. Supportability;
4. Consistency;
5. Specialization; and
6. Other factors.

20 C.F.R. § 404.1527(c). The ALJ correctly noted that Dr. Bacchus was an examining physician. Because Dr. Bacchus isn't a "treating physician" under 20 C.F.R. § 404.1527(d)(2), his opinion isn't entitled to controlling weight, but the regulations require that the opinion of an examining physician be given more weight than the opinion of a non-examining physician. 20 C.F.R. § 404.1527(d)(1).

The ALJ discounted the weight given to Dr. Bacchus's opinion that Mr. McCoy could only stand for two hours of an eight hour day and didn't include a standing limitation in Mr. McCoy's RFC. The ALJ gave five reasons for rejecting Dr. Bacchus's opinion about Mr. McCoy's ability to stand. First, the ALJ noted that Mr. McCoy had no muscle atrophy or significant long-lasting deficits in muscle strength. That doesn't appear to be inconsistent with Dr. Bacchus's opinion because the doctor didn't say Mr. McCoy lacked the strength to stand very long. He said Mr. McCoy's back pain kept him from standing very long.

Second and third, the ALJ noted that Mr. McCoy didn't use assistive devices and hadn't undergone back surgery. But there was evidence in the record about why Mr. McCoy didn't use assistive devices or have back surgery. The ALJ was free to reject that evidence if he thought it unpersuasive, but he didn't address the evidence at all. Fourth, the ALJ related Mr. McCoy's daily

4

activities, but without further discussion about how long Mr. McCoy stood while doing those things, it's unclear how those activities undermine Dr. Bacchus's opinion.

Finally, the ALJ noted that Mr. McCoy worked as a laborer, but he didn't address how successful Mr. McCoy was in trying to work as a laborer. It appears that every attempt was very short-term. To call those successful attempts would require more explanation than the ALJ offered, and unsuccessful attempts wouldn't undermine Dr. Bacchus's opinion. The Commissioner argues that Mr. McCoy wasn't sober for most of the time period in question, and that the short duration of employment could be attributed to his alcohol use rather than back pain. The ALJ didn't offer this explanation, so it isn't part of a logical bridge to his result.

At oral argument, the Commissioner pointed out several places in the record where Mr. McCoy's medical records indicate that there are times when he isn't in much pain. If the ALJ considered this evidence relevant to the weight due Dr. Bacchus's standing limitation, the ALJ didn't discuss it.

Accordingly, the Commissioner's decision is REVERSED and the case is REMANDED for further proceedings.

SO ORDERED.

ENTERED:   March 3, 2020

                                                   /s/ Robert L. Miller, Jr.  
                                                Judge  
                                                United States District Court